UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANNE DELORES ODOM,
    Plaintiff,

v.                                            Case No.:  3:25cv237/TKW/ZCB

ADRIAN BLACKMON,
    Defendant.
    _____/

## REPORT AND RECOMMENDATION

Plaintiff commenced this action by filing a *pro se* complaint. (Doc. 1). The complaint names Adrian Blackmon as the sole Defendant. The complaint appears to allege that Defendant harassed Plaintiff at a post office. (*Id.* at 3-6). On March 10, 2025, the Court ordered Plaintiff to show cause, within fourteen days, as to why her case should not be dismissed for lack of subject matter jurisdiction. (Doc. 5). Two days after the deadline, Plaintiff filed a "Summary about my complaint/plead for restraining order" (Doc. 7), which the Court construes as a response to the show cause order.

Federal courts are courts of limited jurisdiction. *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000). If a federal court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss

1

the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is based upon either federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

Federal question jurisdiction exists when an action arises under federal law. 28 U.S.C. § 1331. Actions arise under federal law "when a federal question is presented on the face of" the well-pleaded complaint, such as when federal law creates the cause of action that entitles the plaintiff to relief. *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001). Claims based on state law generally do not confer federal question jurisdiction. *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

A second way to invoke federal subject matter jurisdiction is through diversity jurisdiction. Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The burden to establish federal subject matter jurisdiction rests on the party asserting it. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Before dismissing a case for lack of subject matter jurisdiction, the court should provide the plaintiff with notice and an opportunity to

respond. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015).

Having reviewed Plaintiff's complaint, it provides no basis for federal question jurisdiction. Plaintiff does not reference federal law in her complaint. Plaintiff also fails to establish diversity jurisdiction because she is seeking $5,000 in damages and is suing a citizen of the same state. Thus, the allegations in Plaintiff's complaint are insufficient to establish that this Court has subject matter jurisdiction.

Before recommending dismissal for lack of subject matter jurisdiction, the Court provided Plaintiff with notice and an opportunity to respond by way of the show cause order. In response to the show cause order, Plaintiff has provided a summary about herself, her health issues, and her reasons for filing this lawsuit. Plaintiff states that "[a]s an elderly person I feel it is wrong to be treated like I was" and references Defendant's "repeated harassment." (Doc. 7 at 2).

Like Plaintiff's complaint, her response to the show cause order fails to establish that the Court has subject matter jurisdiction. The response provides no basis for federal question jurisdiction because Plaintiff does not cite to any federal laws that Defendant allegedly violated. Plaintiff's response also fails to establish diversity jurisdiction

3

because it does not show that this case involves citizens of a different state and an amount in controversy that exceeds $75,000. Thus, the allegations in Plaintiff's complaint, taken together with Plaintiff's response to the show cause order, are insufficient for Plaintiff to meet her burden of establishing federal subject matter jurisdiction.

Accordingly, this case should be dismissed. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (cleaned up).

For the reasons above, it is respectfully **RECOMMENDED** that:

1.   This case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2.   All pending motions be **DENIED as moot**.

3.   The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 26th day of March 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice To The Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.